IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                      Plaintiff,

    v.

MICHAEL HANCOCK,

                      Defendant.

ORDER

13-cr-128-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       A final hearing was held in this case on December 18, 2014 before United States District Judge Barbara B. Crabb. The government appeared by Munish Sharda and Kevin Burke, Assistant United States Attorneys. Defendant was present in person and by counsel, Peter Bartelt.

       Counsel predicted that the case would take 3 days to try. Trial days will begin at 9:00 and will run until 5:30, with at least an hour for lunch, a short break in the morning and another in the afternoon.

       Counsel agreed that the witnesses should be sequestered. Counsel are either familiar with the court's visual presentation system or will make arrangements with the clerk for some instruction on the system.

1

Counsel should use the microphones at all times and address the bench with all objections. If counsel need to consult with one another, they should ask for permission to do so.

Counsel are to provide the court with copies of documentary evidence before the start of the first day of trial.

Counsel agreed to the voir dire questions in the form distributed to them at the final pretrial conference before the magistrate judge. At present, the proposed post-trial instructions include two separate instructions on the elements of the charge in count 1. The government prefers the four-part instruction; defendant prefers the three-part version. At this point, I am inclined to give the instruction in the form proposed by the government, but I will make the final decision at the instruction conference at the close of evidence.

Defendant has not made a final decision whether he will be arguing self-defense as to count 2. The government maintains that the defense is impermissible and that, even if it were not, defendant cannot raise the defense as to one count and not the other. Defendant may have until December 23, 2014 to file a written argument in support of his position; the government may have until December 30, 2014 in which to respond.

The government intends to offer audio and video recordings taken on June 11, 2013. Defendant does not object to the use of these recordings. Having heard what portion the government intends to introduce at trial, he is no longer arguing that the government must

2

show the entirety of the June 11 video. However, he wants to be able to show the jury a video he thinks was taken by a witness at the time that defendant and one J.P. were arrested. The government does not believe that such a video exists; if defendant locates one, he can renew his request to show it to the jury.

The primary question to be resolved is the defendant's legal status following his discharge from custody. According to the document titled Statutory Discharge from Facility, dkt. #62-1, defendant was unconditionally discharged from the custody of the Colorado Department of Corrections, pursuant to Colorado statute 18-1.3-401 on January 1, 2007. He agrees with the government that nothing on the face of this document says that his civil rights (including his right to carry a gun) were restored, but he argues that the reference to the statute achieves the same purpose. A look at 18-1.3-401 shows that it provides that every person convicted of a felony regains the right to hold an office of trust upon discharge after completion of his or her sentence (with certain exceptions that do not apply to defendant). Moreover, § 10 of the Colorado constitution provides that any person "who was a qualified elector prior to . . . imprisonment and who is released by virtue of . . . having served out his full term of imprisonment, shall without further action, be invested with all the rights of citizenship, except as otherwise provided in this constitution."

The government does not agree that defendant's rights to carry a gun were restored to him by the document he received and intends to introduce evidence that his parole officer

3

gave him written notice to that effect at the time of his discharge. It intends to produce evidence of this and wants an opportunity to be heard on the issue.

The parties are to submit additional argument on the question of the alleged restoration of defendant's right to carry a gun, following the schedule set out above (defendant's brief due December 23; plaintiff's brief due December 30). The government confirmed hat it will keep open its offer to enter into a stipulation under <u>Old Chief v. United States</u>, 519 U.S. 172, 191-92 (1997), pending resolution of this issue.

Entered this 19th day of December, 2014.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

4